UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RIDUAN BIN ISOMUDDIN HAMBALI,**<br><br>Petitioner,<br><br>v.<br><br>**BARACK H. OBAMA, et al.,**<br><br>Respondents. | Civil Action No.  10-407 (JDB) |

**CASE MANAGEMENT ORDER**

Pursuant to the joint motion filed by the parties on March 8, 2012, and consistent with the standards set forth in Boumediene v. Bush, 128 S. Ct. 2229, 2275 (2008), Hamdi v. Rumsfeld, 542 U.S. 507, 539 (2004) (plurality), Latif v. Obama, 666 F.3d 746, 755, 767 (D.C. Cir. 2011), the standards referenced in the Case Management Order entered by Judge Hogan on November 6, 2008 and revised on December 16, 2008, and the standards referenced elsewhere by this Court, see, e.g., Dokhan, et al. v. Bush, Civ.A.No. 08-987, ECF No. 87, the Court enters the following Case Management Order to govern proceedings in the above-captioned case.[1]

**I.**

**A.** **Public Version of the Factual Return**. The government shall provide petitioner's counsel with the proposed public version of the factual return, in accordance with the procedure outlined in the joint motion for a case management order.  See Joint Mot. for Case Management Order [ECF 37] at 2 n.1.  If the

---

[1] This case-specific Case Management Order is independent of Case Management Orders entered in any other case, including the orders entered by Judge Hogan on November 6, 2008 and December 16, 2008. Hence, any future modifications in other orders will have no impact on the schedule of proceedings in the above-captioned matter. If the parties wish to request relief from the schedule set forth in this order, they must file an appropriate motion before this Court.

      public version of the factual return was not provided to petitioner by the date specified in the joint motion, the government shall produce it by May 25, 2012.

**B.**     **Legal Justification**. This section intentionally left blank.

**C.**     **Unclassified Factual Returns**. This section intentionally left blank.

**D.**     **Exculpatory Evidence**.

    **1**.     The government shall disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner. In this context, the term "reasonably available evidence" means evidence contained in any information reviewed by any attorney preparing factual returns for any detainee; it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner. The term also includes any other evidence the government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay. Disclosure of such exculpatory evidence shall occur by not later than June 29, 2012. On that date, the government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.

    **2**.     If evidence described in the preceding paragraph becomes known to the government after the deadline for disclosure, the government shall provide the evidence to the petitioner as soon as practicable.

**E.**     **Discovery**.

    **1**.     If requested by the petitioner, the government shall disclose to the petitioner (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which any statements of the petitioner were made or adopted, including but not limited to any evidence of coercive techniques used during any interrogation or any inducements or promises made. Respondents represent that they have complied with these obligations. See Joint Mot. for Case Management Order at 2 n.3.

    **2.**     Petitioner may obtain limited discovery beyond that described in the preceding paragraph in accordance with the following procedure. Discovery requests shall be presented by written motion and (1) be narrowly tailored, not open-ended; (2) specify precisely the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that is exculpatory or that will demonstrate that the petitioner is

        not an enemy combatant; and (4) explain why the requested discovery will not unfairly disrupt or unduly burden the government. All motions for additional discovery under this subsection must be filed by not later than August 7, 2012. The government's opposition, if any, shall be filed by not later than August 29, 2012, and Petitioner's reply shall be filed by September 14, 2012.

**F.**    **Classified Information**. If any information to be disclosed under Sections I.D or I.E of this Order is classified, the government shall, unless granted an exception, provide the petitioner's counsel with the classified information, provided the petitioner's counsel is cleared to access such information. If the government objects to providing the petitioner's counsel with the classified information, the government shall move for an exception to disclosure.

**G.**    **Traverse**. In response to the government's factual return, the petitioner shall file a traverse containing the relevant facts and evidence supporting the petition. Petitioner's traverse shall be filed by not later than October 26, 2012. For good cause shown, the petitioner may amend or supplement a filed traverse.

## II.

**A.**    **Burden and Standard of Proof**. The government bears the burden of proving by a preponderance of the evidence that the petitioner's detention is lawful.

**B.**    **Presumption in Favor of the Government's Evidence**. The Court will accord a rebuttable presumption of regularity to government records introduced by either respondent or petitioner. Hence, absent rebuttal evidence, the Court will presume that "the statements in a government record were actually made, [and that] the government official accurately identified the source and accurately summarized [the source's] statement." Latif v. Obama, 666 F.3d 746, 755, 767 (D.C. Cir. 2011) (internal quotation marks omitted). The Court will not, however, presume that any underlying non-governmental source's statement is true. See id. The presumption of regularity may be overcome by a preponderance of the evidence. Any argument in support of a different burden of proof shall be presented in each party's motion for judgment on the record.

**C.**    **Hearsay**. Upon the request of either the petitioner or the government, the Court may consider hearsay evidence that is material and relevant to the legality of the petitioner's detention. Requests to admit hearsay evidence shall be presented in each party's motion for judgment on the record. If the Court admits hearsay evidence, the party opposing admission will have the opportunity to challenge the credibility of, and weight to be accorded, such evidence.

## III.

**A.**    **Judgment on the Record**.

1. **Status Report; Schedule of Briefs.** The parties shall file a joint status report on or before November 16, 2012 to propose a schedule for filing motions for judgment on the record and for a merits hearing.

2. **Contents of Briefs.**

    **(a) Initial Briefs.** Each motion or cross-motion for judgment on the record shall address both the factual basis and the legal justification for detention, and be accompanied by a separate statement of material facts as to which the party contends there is no genuine dispute. The statement of material facts shall cite to the specific portions of the record that support the party's contention that a fact is not in dispute and shall not contain argument.

    **(b) Response Briefs.** Each response brief shall be accompanied by a factual response statement that either admits or controverts each fact identified in the opposing party's statement of material facts as to which there is no genuine dispute. The factual response shall cite to the specific portions of the record that support the party's contention that a material fact is in genuine dispute. The Court may treat as conceded any legal argument presented in an initial brief that is not addressed in the response brief and may assume that facts identified in a statement of material facts are admitted unless controverted in the factual response.

    **(c) Page Limitations.** (i) Initial briefs in support of a motion for judgment on the record or cross-motion for judgment on the record shall not exceed 45 pages, excluding the statement of material facts. (ii) Oppositions to motions for judgment on the record shall not exceed 35 pages. (iii) Reply briefs shall not exceed 20 pages.

3. **Hearing**. A hearing on the motions for judgment on the record will be scheduled by the Court if necessary.

B. **Evidentiary Hearing**.

1. **Basis for a Hearing**. If, after reviewing the parties' briefs for judgment on the record, the Court determines that substantial issues of material fact preclude final judgment based on the record, the petitioner is entitled to an evidentiary hearing.

2. **Prehearing Conference**. Counsel shall appear for a prehearing conference on a date to be determined that will be not later than three business days prior to the evidentiary hearing. The parties shall be prepared to discuss and narrow the issues to be resolved at the hearing, discuss evidentiary issues that might arise at the hearing, identify witnesses and documents that they intend to present at the hearing, and discuss the procedures for the hearing.

    **3.**    **Petitioner's Presence**. The petitioner will not have access to classified portions of the hearing. Through available technological means that are appropriate and consistent with protecting classified information and national security, the Court will provide the petitioner with access to unclassified portions of the hearing.

**SO ORDERED**.

/s/
John D. Bates
United States District Judge

Dated: May 18, 2012